**In re Lourdes JENKINS, Debtor.**

**Bankruptcy No. 83–02206–BKC–SMW.**

United States Bankruptcy Court, S.D. Florida.

Jan. 27, 1984.

Michel Ociacovski, Miami, Fla., for Jenkins.

Mark Boyd, Fort Lauderdale, Fla., for Busse.

ORDER DENYING RELIEF FROM STAY AND GRANTING ADEQUATE PROTECTION

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came on to be heard upon a mortgagee's Motion for Relief from the Automatic Stay and the Court having heard the testimony of witnesses and having examined the evidence presented, having observed the candor and demeanor of the witnesses, having considered the arguments of counsel, and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

Movants, CLEMENT C. BUSSE, and his wife, RAMONA BUSSE (BUSSE), seek relief from the automatic stay or, in the alternative, for adequate protection against the Debtor-in-Possession herein, LOURDES JENKINS (JENKINS). BUSSE asserts that there is no equity in the Debtor-in-Possession's residence and that said property is not necessary for a successful reorganization pursuant to 11 U.S.C., § 362(d)(2). JENKINS disputes the material allegations

made by BUSSE, and the matter was heard before this Court on January 18th and 19th, 1984.

The material facts with regard to the amount of the mortgage and other encumbrances on the property are undisputed. By Stipulation dated July 9, 1982, BUSSE agreed that the amount of the Judgment was $172,736.00. In addition to said amount, it was further stipulated that the amount of the per diem interest at $56.79 for 560 days is $31,802.40. Additionally, the parties agree that the amount of the tax obligations for 1981, 1982 and 1983, total $11,845.41. Thus, the total encumbrances on said property equal $216,383.81. Further, it is agreed that, since the date of the Stipulation of July 9, 1982, the Debtor-in-Possession has paid BUSSE $38,000.00, which reduces the total outstanding indebtedness to $178,383.81.

As to the value of the subject property, the Court, after reviewing the conflicting appraisal testimony, accepts the valuation presented by BUSSE in the amount of $190,000.00.

The Court, in reaching a determination as to whether the automatic stay should be lifted, is governed by the provisions of 11 U.S.C., § 362(d)(1) and (2) which provide:

> "(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> "(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
>
> "(2) with respect to a stay of an act against property, if—
>
> "(A) the debtor does not have an equity in such property; and
>
> "(B) such property is not necessary to an effective reorganization."

The case law interpreting 11 U.S.C., § 362(d)(2)(A) and (B), requires the Court to make an initial determination as to whether there exists any equity in the property. The undisputed facts reveal that the amount due on the BUSSE mortgage on the Debtor-in-Possession's property is presently $178,383.81. Further, the accepted valuation as submitted by Movant, BUSSE, of said property is $190,000.00. Accordingly, the Court finds a small, but eroding, equity cushion. Thusly, the Court is satisfied that the stay should remain in effect with the proviso that the BUSSE's interest in the property is adequately protected by the Debtor to prevent the complete erosion of said equity cushion by the accrual of interest and taxes, including the issuance of tax certificates.

After consideration of the terms and conditions of the Stipulation of July 9, 1982, and the current encumbrances on the Debtor-in-Possession's property, the Court orders the following adequate protection for mortgagee, BUSSE:

1. JENKINS, the Debtor-in-Possession, shall pay all taxes due and owing on the property and, where appropriate, redeem tax certificates, in the total amount of $11,845.41, on or before February 15, 1984. Debtor-in-Possession, JENKINS, shall provide BUSSE with proof that said taxes have been paid and that said tax certificates have been redeemed.

2. Commencing February 1, 1984, and on the first day of every month thereafter, Debtor-in-Possession, JENKINS, shall make monthly mortgage payments to BUSSE in the amount of $5,000.00 during the pendency of the above-styled Chapter 11 proceeding.

Failure of the Debtor to comply with any of the above-referenced provisions for adequate protection will result in this Court's lifting the automatic stay upon further application on short notice by creditor/mortgagee, BUSSE.

This Court need not reach the issue of whether this property is necessary for a successful reorganization, inasmuch as, pursuant to 11 U.S.C., § 362(d)(1), it has devised a scheme for adequate protection of mortgagee, BUSSE, to remain in full force and effect during the pendency of these Chapter 11 proceedings.

In accordance with the foregoing, the automatic stay pursuant to 11 U.S.C., § 362(a), shall remain in full force and effect provided, however, that the Debtor, JENKINS, complies with the terms and conditions as set forth herein by the Court for adequate protection of the mortgagee, BUSSE.